# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: JOHN IVAN KOCAK, | Case No. 1:20-mc-00026-AWI-SKO |
| Debtor/Appellant. | B.A.P. No. EC-19-1261 |
| | Bk. No. 18-11947 |
| | **FINDINGS AND RECOMMENDATION TO DENY APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL TO THE NINTH CIRCUIT BANKRUPTCY APPELLATE PANEL** |
| | **(Doc. 1)** |
| | **OBJECTIONS DUE: 14 DAYS** |

## I.   INTRODUCTION

John Ivan Kocak ("Appellant") is a prisoner in the custody of Valley State Prison. The matter comes before this Court on Appellant's motion to proceed *in forma pauperis* on appeal before the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP"). (Doc. 1.)

As the BAP lacks authority to grant or deny a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), *Perroton v. Gray (In re Perroton)*, 958 F.2d 889 (9th Cir. 1992); *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 496 (9th Cir. BAP 1995), the BAP transferred

Appellant's motion to proceed *in forma pauperis* to this Court. As set forth below, the undersigned recommends Appellant's motion be denied.

## II.    DISCUSSION

On May 15, 2018, Appellant filed a Chapter 7 Bankruptcy petition--his third in six months. *In re John Ivan Kocak*, No. 18-11947 (Bankr. E.D. Cal. 2018); *see also In re John Ivan Kocak*, No. 18-10031 (Bankr. E.D. Cal. 2018); *In re John Ivan Kocak*, No. 17-14526 (Bankr. E.D. Cal. 2017). On October 17, 2019, Appellant filed a notice of appeal with the BAP regarding the bankruptcy court's order denying Appellant's motion to reconsider the bankruptcy court's earlier order denying Appellant's motion to reopen the Chapter 7 case. (Doc. 1 at 16.) On February 28, 2020, Appellant filed a motion to proceed *in forma pauperis* on appeal with the BAP. (*Id.* at 6–14.) The BAP entered a notice giving the bankruptcy court the opportunity to "certif[y] in writing that [the appeal] is not taken in good faith" under 28 U.S.C. § 1915(a)(3), which would require that Appellant's motion to proceed *in forma pauperis* on appeal be denied.

On March 9, 2020, the bankruptcy court certified that Appellant's appeal was not taken in good faith. (Doc. 1 at 15–16.) The bankruptcy court noted that earlier in the Chapter 7 case, Appellant had attempted to avoid a "nonpossessory, non-purchase-money security interest held by the principal creditor, Scott Kernan, Secretary, CDCR and their agents" by filing a "Motion to Avoid Lien." (*Id.* at 16) (citation omitted). According to the bankruptcy court, Appellant contended he could avoid a "lien" that CDCR held against "his person" and secure his release from state prison that way. (*Id.*) As to Appellant's appeal, the bankruptcy court found as follows:

> The present appeal springs from a denial of a motion to reopen based on "new evidence" that is "crucial" to this case. [Appellant] seeks to reopen his Chapter 7 "for the purpose of modifying his Creditors list/Schedules." Ordinarily, this is unnecessary. *In re Beezley*, 994 F.2d 1433 (9th Cir. 1993). It appears to this court that the attempt to reopen his Chapter 7 case was for the purpose of attacking once again the "security interest" that the California Department of Corrections holds against him and by which they now restrain him in Chowchilla State Prison.

(*Id.*) (internal record citations omitted).  Accordingly, the bankruptcy court certified that the appeal was not taken in good faith.  (*Id.*)  The bankruptcy court's certification was forwarded to the BAP.  The BAP then transferred the motion to proceed *in forma pauperis* to this Court.  (Doc. 1.)

The undersigned has independently reviewed Appellant's request and concludes he is not entitled to proceed *in forma pauperis*.  In his motion to proceed *in forma pauperis*, Appellant states that the bankruptcy court "violated it's [sic] own rules by not permitting Appellant to reopen his case to Amend Schedules to reflect clearly dischargeable debt which was created through Fraud and deceit against appellant."  (Doc. 1 at 6.)  Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The bankruptcy court certified in writing that the appeal is not taken in good faith, as Appellant's contention regarding reopening his Chapter 7 case was frivolous.  (*See* Doc. 1 at 15–16.)

The undersigned agrees with and adopts the findings of the bankruptcy court, (*id.* at 16), and finds that the appeal is frivolous because, as noted by the bankruptcy court, reopening a Chapter 7 case for the purpose of amending the schedules, especially for the purpose that Appellant identifies here—attacking the "security interest" that the California Department of Corrections holds against him—is a "pointless exercise" under which no relief may be granted.  *See In re Beezley*, 994 F.2d at 1434.

Thus, the Court finds that Appellant's appeal is not taken in good faith and Appellant's motion to proceed *in forma pauperis* on appeal to the BAP must be denied.  *See, e.g., Gjerde v. Hawkins*, No. 2:15-mc-103-KJM-EFB PS (E.D. Cal. Oct. 26, 2015), Doc. 3, *findings and recommendations adopted*, No. 2:15-mc-103-KJM-EFB PS (E.D. Cal. Nov. 16, 2015), Doc. 5; *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

### III.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that Appellant's motion to proceed *in forma pauperis* on appeal, (Doc. 1 at 6–14), be DENIED and this matter be TRANSFERRED back to the Ninth Circuit Bankruptcy Appellate Panel.

The Court further DIRECTS the Clerk to send a copy of this order to Appellant at his address listed on the docket for this matter.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 29, 2020**                              /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE